UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
KIMBERLY A. CLARK ) CASE NO. 15-30921(1)(7)
)
Debtor )

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of Debtor Kimberly A. Clark ("Debtor") to Claims 1 and 2 of First Federal Savings Bank (formerly Your Community Bank and now WesBanco Bank, Inc., referred to herein as "Creditor"), and the Motion to Allow Late-Filed Deficiency Proofs of Claims filed by Creditor. The Court considered the Debtor's Objection, the Response thereto of the Creditor, the Motion of the Creditor, the Objection thereto filed by the Debtor and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will **OVERRULE** the Objection of the Debtor to Creditor's Claims 1 and 2 and **GRANT** the Creditor's Motion to Allow Late-Filed Deficiency Proofs of Claims. An Order accompanies this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

This case has a long history including protracted litigation between the Debtor and this Creditor. On March 30, 2012, Creditor filed a Complaint in Meade Circuit Court seeking to foreclose on its Mortgage on the Debtor's residence at 6615 Battletown Road, Brandenburg, Kentucky (hereinafter referred to as "the Property").

On August 28, 2013, the Court entered a Judgment in favor of the Creditor on its foreclosure Complaint.

On September 27, 2013, Debtor filed a Notice of Appeal with the Kentucky Court of Appeals.

On November 11, 2013, Debtor filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code with this Court. The Creditor timely filed Proofs of Claims Nos. 3 and 4 in the Chapter 13 case. The Creditor also filed a Motion for Stay Relief and an Objection to Confirmation of the Debtor's Plan. The Debtor failed to appear at the First Meeting of Creditors and the case was dismissed.

On February 10, 2014, the Debtor filed a Motion to Set Aside the Judgment in the State Court action based on newly discovered evidence. The parties litigated further on that motion for nearly a year before the State Court denied the Debtor's Motion to Set Aside the Judgment.

The Debtor then attempted a second Motion to Set Aside the Judgment in State Court. This motion was also denied resulting in the Debtor filing a Second Notice of Appeal with the Kentucky Court of Appeals.

On March 23, 2015, Debtor initiated the present bankruptcy case by filing a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. On the same date this bankruptcy case was filed, Creditor filed Proofs of Claims Nos. 1 and 2.

On March 25, 2015, Creditor filed a Motion for Relief from Stay and Abandonment regarding the Property.

On April 10, 2015, the Court entered an Order granting the Creditor's Motion for Relief from Stay and Abandonment. The Order stated, in part, "That upon sale of the property and application of the proceeds, YCB [Creditor] shall be allowed to file an amended proof of claim for the deficiency amount." *See*, Dkt. #13.

On June 15, 2016, Creditor sold the Property at a foreclosure sale.

On July 8, 2016, the Kentucky Court of Appeals entered an Order in favor of the Creditor ending the second appeal.

The Creditor acknowledges that following the foreclosure sale, through error or inadvertence, it failed to amend its Proofs of Claims to assert the deficiency claim. It now appears that due to an adversary proceeding pursued by the Trustee, assets have been recovered that may be in excess of the Trustee's fees, costs and payment of unsecured claims.

On January 27, 2018, Debtor filed her Objection to Creditor's Proofs of Claims Nos. 1 and 2. The Creditor filed a Response to the Debtor's Motion on February 21, 2018.

On February 22, 2018, the Creditor filed its Motion to Allow Late-Filed Deficiency Proofs of Claims.

On March 16, 2018, the Debtor filed her Objection to the Creditor's Motion to Allow Late-Filed Deficiency Proofs of Claim.

Following a hearing on the Debtor's Objection to Claims 1 and 2 and the Creditor's Motion to Allow Late-Filed Deficiency Proofs of Claim, the Court took the matters under submission.

## **LEGAL ANALYSIS**

The Debtor objects to the Creditor's Motion to Allow Late-Filed Deficiency Proofs of Claims in this case. Debtor relies on Rule 3001-1(c) of the Local Rules for the Bankruptcy Court for the Western District of Kentucky to support her claim that the deadline for filing deficiency claims expired nearly two years ago. Rule 3001-1(c) states as follows:

> *Chapter 7 Cases.* Deficiency claims arising from the disposition of secured collateral shall be filed no later than one hundred and twenty (120) days following the order of the court granting relief from the automatic stay, but in no event later

>than the approval of a final report. Such time period may be enlarged only upon motion made within the one hundred and twenty (120) days time period and only for cause shown.

L.B.R. 3001-1(c).

In this case, Creditor filed two Proofs of Claims on March 23, 2015. The Property was sold at a foreclosure sale on June 15, 2016. However, after the collateral was sold, Creditor did not file a deficiency claim. Debtor objects to Creditor's request to now file deficiency claims as untimely. While the Local Rule does state that a deficiency claim must be filed no later than one hundred and twenty days following the order granting stay relief, in this case, the stay relief Order was entered on April 19, 2015. The collateral was not sold until June 15, 2016, well beyond the one hundred twenty day deadline provided in the Rule. The Creditor could not have known that there would be a deficiency until the sale occurred. Furthermore, the Rule clearly states that deficiency claims must be filed "in no event later than the approval of a final report." Here, the Trustee has not yet filed a final report for Court approval.

During the course of this Chapter 7 case, the Creditor sought and received relief from the automatic stay, so that it could enforce its judgment of foreclosure which it obtained in 2013. This Court entered an Order on April 10, 2015, granting Creditor's Motion for Relief from the Stay. That Order specifically stated that after the sale of the Property, Creditor "shall be allowed to file an amended proof of claim for the deficiency amount." The Order contained no deadline for the filing of an amendment to the proof of claim for the deficiency amount.

Furthermore, the Debtor ignores the lengthy history of litigation between her and this Creditor over this Claim since the time the Creditor first filed its Complaint for Foreclosure in Meade County in March 2012. Since that time, the Debtor has filed two bankruptcy cases and two

appeals related to the judgment of foreclosure that the Creditor obtained in 2013. The Creditor was unable to actually foreclose on its mortgage and sell the Property until June 2016. Considering the lengthy litigation history between the Debtor and this Creditor surrounding the Property, the Debtor cannot be surprised that the Creditor always intended to pursue recovery of its full claim on the mortgage.

The purpose of Rule 3001-1(c) would appear to be to allow the Trustee the ability to timely administer assets. As a secured creditor, the Creditor was not required to file a proof of claim except to preserve the opportunity for distribution on any unsecured deficiency claim, because liens remain unaffected by the bankruptcy proceeding absent specific alteration by the Court. *In re Bain*, 527 F.2d 681, 686 (6th Cir. 1975). Here, Creditor timely filed two proofs of claims. In *In re Nowak*, 385 B.R. 799 (B.A.P. 6th Cir. 2008), the court considered whether a secured creditor whose judgment lien was avoided, but who did not file a proof of claim for what then became an unsecured claim within thirty days of the order avoiding the lien in accordance with Fed. R. Bankr. P. 3002(c)(3), was barred from collecting the unsecured claim. There, the court looked to whether the creditor could use the common law doctrine of "informal proofs of claims" to treat the creditor's pre-bar date filings as an informal proof of claim which could be amended after the bar date so that it is in conformity with the requirements of Rule 3001(a). The Court looked to *In re M. J. Waterman & Assocs., Inc.*, 227 F.3d 604 (6th Cir. 2000), where the court stated, "Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules." *Id.* at 608. The purpose is to alleviate problems with

form over substance, particularly where the party asserting the claim in the bankruptcy case has during the case put all parties on notice that it is asserting the claim.

While this case does not deal with an informal proof of claim, the court's statements referenced above apply to this case. This Creditor doggedly pursued its interests and has certainly complied with the spirit of the rules. The Debtor was certainly aware of this Creditor's claim. The Court's Order of April 10, 2015 did not require the filing of new proofs of claims but rather an amendment to its existing claims. Most importantly, the Order did not contain a deadline and the Trustee has not yet filed his final report. Considering the Debtor's efforts to thwart this Creditor from recovery of its claim, the Court will grant Creditor leave to file its deficiency claims. The Court's Order granting stay relief takes precedence over Local Rule 3001-1(c).

## CONCLUSION

For all of the above reasons, the Court **OVERRULES** the Objection of the Debtor to the Allowance of Creditor's Proofs of Claims 1 and 2 and **GRANTS** the Creditor's Motion to Allow Late-Filed Deficiency Proofs of Claims. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 29, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
    KIMBERLY A. CLARK            )    CASE NO. 15-30921(1)(7)
                                          )
    _____Debtor_____)

## MEMORANDUM-OPINION

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtor Kimberly Clark to the Allowance of WesBanco Bank, Inc.'s Proofs of Claims Nos. 1 and 2, be and hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion of WesBanco Bank, Inc. to Allow Late-Failed Deficiency Proofs of Claims, be and hereby is, **GRANTED**. The Deficiency Proofs of Claims Nos. 1 and 2 are deemed filed as of February 22, 2018.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 29, 2018