# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIMBERLY ANN CLARK | ) | CASE NO. 15-30921(1)(7) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Objection to Exemption filed by Trustee, Michael E. Wheatley ("Trustee"). The Court considered the Objection of the Trustee, the Response of the Debtor Kimberly Ann Clark ("Debtor"), and the comments of counsel made at the hearing held on the matter. For the following reasons, the Court will enter the attached Order overruling the Trustee's Objection.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 23, 2015, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. On Schedule C – Property Claimed as Exempt, Debtor listed real property located at 6615 Battletown Road, Brandenburg, Kentucky ("the Property") and claimed an exemption of $22,975 in her homestead pursuant to 11 U.S.C. §522(d)(1). Debtor also listed an exemption in her 50% interest in LLC XE8, Co. in the amount of $1,225 pursuant to 11 U.S.C. § 522(d)(5). No objection to these exemptions was filed by the Trustee, Marque Carey. At that time, Debtor was represented by attorney Kent Mitchner.

On June 12, 2015, Mr. Mitchner filed a Motion to Withdraw as Counsel of Record for the Debtor. That Motion was granted by Order dated June 23, 2015.

On April 10, 2015, the Court entered an Order granting a Motion for Relief from the Automatic Stay filed by Your Community Bank regarding the Property.

On June 15, 2016, the Creditor sold the Property in a foreclosure sale for less than what was owed on it. Debtor had no equity in the Property.

On April 27, 2018, Debtor's new counsel, LeaAnn Thornhill, filed an Amendment to Schedule C changing the exemption in LLC XE8, Co. from $1,225 to $13,100 pursuant to 11 U.S.C. § 522(d)(5) and no longer claiming an exemption n the Property.

On May 21, 2018, successor Trustee, Michael Wheatley, filed an Objection to Debtor's Amendment to Schedule C which increased the amount of the exemption claimed in Debtor's 50% share in LLC XE8, Co. The Trustee claimed the amount of the exemption is more than Debtor was entitled to claim.

## **LEGAL ANALYSIS**

Debtor amended Schedule C on April 27, 2018 indicating that she no longer claimed a homestead exemption in the Property, but increased the amount of her original exemption in LLC XE8, Co. to $13,100 pursuant to 11 U.S.C. § 522(d)(5). Debtor claimed the amendment more adequately reflects the Debtor's interest in the Property at the time of the filing.

Debtor relies on Fed. R. Bankr. P. 1009(a) which provides that a debtor may amend their schedules "as a matter of course at any time before the case is closed." Debtor acknowledges that she did claim an exemption in the Property at the time she filed her Petition. Debtor claims, however, once the mortgage company was granted relief from the stay and the Property sold, the Debtor did not have any equity to protect or exempt.

While Rule 1009 does allow debtors to amend their schedules at any time prior to closure of the case, the Debtor's ability to amend exemptions is not without limits. Courts may refuse to allow an amendment where the debtor has acted in bad faith, where the property has been concealed or where there is prejudice to creditors caused by the amendment. *See In re O'Brien*, 443 B.R. 117 (W.D. Mich. 2011). Here, there is no evidence of bad faith, fraud or concealment put before the Court.

The Sixth Circuit has stated that prejudice may be established where the amendment impairs a trustee in the diligent administration of the estate. In *In re Westrey*, 591 Fed. Appx. 429 (6th Cir. 2014), the court quoted from a Bankruptcy Court's Opinion in *In re Daniels*, 270 B.R. 417, 426 (Bankr. E.D. Mich. 2001):

> Prejudice may be established by showing harm to the litigating posture of parties-in-interest. If the parties would have taken different action or asserted different positions had the exemption been claimed earlier, and the interest of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny the amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

In this case, it appears that the Debtor's first attorney claimed the homestead exemption on Debtor's residence. However, when the Property was ultimately sold at auction following stay relief, the sale brought less than the amount owed and Debtor did not have any equity to protect or exempt.

The Trustee has the burden of proving that the exemption is not properly claimed. Here, there is no evidence of bad faith by the Debtor or fraudulent intent with respect to the amendment. Finally, the Trustee has failed to prove that the estate has or will suffer prejudice by allowance of the amendment. This has been a long and heavily litigated case. The Court does not see any

prejudice to the estate by the allowance of the amendment with respect to the administration of the estate. Therefore, the Court will allow the Amendment to Schedule C.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order Overruling the Trustee's Objection to the Debtor's Amended Exemption.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
    KIMBERLY ANN CLARK        )        CASE NO.  15-30921(1)(7)
                                          )
                        Debtor        )

## ORDER

This matter having come before the Court on the Objection of the Chapter 7 Trustee, Michael E. Wheatley to the Amended Exemption filed by the Debtor Kimberly Ann Clark, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to the Exemption filed by the Trustee, be and hereby is, **OVERRULED**.